```
1  ROBERT WAGGENER - SBN: 118450
   LAW OFFICE OF ROBERT WAGGENER
2  214 Duboce Avenue
   San Francisco, California 94103
3  Phone:      (415) 431-4500
   Fax:        (415) 255-8631
4  E-Mail:     rwlaw@mindspring.com

5  Attorney for Defendant JOEL DOMINGUEZ
```

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA | No. CR 17-CR-00375-JST |
| Plaintiff, | **DEFENDANT JOEL DOMINGUEZ'S MEMORANDUM RE: EXCEPTIONAL REASONS THAT HE REMAIN OUT OF CUSTODY PENDING SENTENCING** |
| v. | |
| JOEL DOMINGUEZ, | Date:   July 20, 2018 |
| Defendant. | Time:   9:30 a.m. |
| _____/ | Dept.:  Jon S. Tigar |
| | District CourtJudge |

**TO:    THE UNITED STATES DISTRICT COURT; ASSISTANT UNITED STATES ATTORNEY SALIJA PAIDIPATY; AND TO THE CLERK OF THE COURT:**

It is anticipated that on the morning of July 20, 2018 Defendant Joel Dominguez will enter into a plea agreement with the government and will plead guilty to two felony charges contained in a Superseding Information, Conspiracy to Distribute and Possess with Intent to Distribute Methamphetamine in violation of 21 U.S.C. §§ 846, 841(a)(1), (b)(1)( c) (Count One), and Distribution and Possession with Intent to Distribute Methamphetamine in violation of 21 U.S.C. §§ 841(a)(1),(b)(1)( C)(Count Two). The government has indicated that with his pleas, because of the drug offenses involved, it will request the Court to remand Mr. Dominguez into custody pending his sentencing and eventual imprisonment.  The plea agreement in this

**DOMINGUEZ MEMORANDUM RE EXCEPTIONAL REASONS TO REMAIN OUT OF CUSTODY**

case recognizes that the defendant is subject to remand, but recognizes the defendants ability to establish exceptional reasons that he remain out of custody pending sentencing. This memorandum and its attachments are to provide exceptional reasons to allow Mr. Dominguez to remain out of custody until he is sentenced.

The plea agreement in this case anticipates a Total Offense Level of 21, and while there is no agreement as to Criminal History Category, there is no mandatory minimum sentence involved and as a practical matter Mr. Dominguez faces an advisory guideline sentencing recommendation in the four year range. Because Mr. Dominguez will be pleading to a Controlled Substances Act offense for which a maximum sentence of ten years or more is prescribed, he is subject to detention upon a finding of guilt. 18 USC §§3143(a)(2) and 3142(f)(1)(C).

18 USC §3145(c) provides that a person subject to detention under §3143(a)(2) may be ordered released "if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate." The Ninth Circuit interpreted "exceptional reasons" in *Garcia v. Powers*, 340 F.3d 1013, 1018 (9th Cir. 2003). The *Garcia* court found that by adopting the term "exceptional reasons", and nothing more, Congress placed broad discretion in the district court to consider all the particular circumstances of the case before it. The Ninth Circuit has recognized several non-exhaustive factors a district court may consider, including its assessment of the defendant as a violent person, the nature of the crime itself, hardships the defendant may suffer, and the defendant's degree of cooperation with the government. Id. at 1018-22 (further explaining that these factors "alone or in combination with others may qualify under the statute"). See also, *United States v. Lancaster*, 2017 U.S. Dist. LEXIS 121053 (9th Cir. 2017).

The plea agreement negotiated by the parties sets out a more detailed description of the criminal activity, but the essential allegation is that on August 4, 2016, Mr. Dominguez, acting with his co-defendant, sold seven (7) grams of methamphetamine to an undercover agent. The arrest of the defendants was the product of an ATF sting operation utilizing an informant and

undercover officers where a warehouse was set up in Daly City as basically an outpost for criminal activity. Mr. Dominguez was arrested approximately one year after he sold the drugs to the undercover officer in the takedown for the sting operation. The offense committed by Mr. Dominguez in this case did not involve any physical injury, violence, weapons, or threat to any persons.

Specific to the issue of Mr. Dominguez's continued release, there are a number of significant pieces of information to bring to the Court's attention that are set out below.  Also, attached to this memorandum are three exhibits, further described as: a letter from Mr. Dominguez's fiancé Emma Mendoza (Exhibit A), pay stubs from Mr. Dominguez's current employment with Munchery Inc. (Exhibit B), and a letter from Mr. Dominguez's supervisor at Munchery, Inc., William Vota ( Exhibit C).  A status report from United States Pretrial Services was prepared in March, 2018, regarding Mr. Dominguez's 3143 remand eligibility.  Noting that Mr. Dominguez had done well on Pretrial Services supervision and the details of his compliance, the memorandum nonetheless concluded that Pretrial Services was not aware of any exceptional reasons to merit the defendant's continued release after his plea. Should Mr. Dominguez be remanded following his plea, he would likely be housed at the Glenn Dyer jail facility in Oakland for the approximately four months until he would be sentenced.

31 year old Mr. Dominguez is a life long resident of the Bay Area.  He has been in a long term relationship with Emma Mendoza. The couple are now engaged and have a six year old son together.  The three of them live in a residence in Daly City along with the defendant's mother, and his 26 and 28 year old brother and sister.

Mr. Dominguez was released into the community not long after his arrest, based on a personal recognizance bond of $50,000.00 signed on August 14, 2017.  Mr. Dominguez has been compliant with all conditions of his pretrial release as monitored by United States Pretrial Services.  Originally he was subject to electronic monitoring, but after five months of his compliance and lack of violations the electronic monitoring condition was ordered removed in January of 2018.  Mr. Dominguez has been enrolled in weekly substance abuse counseling since

his release and regularly reports to his supervising Pretrial Services officer, Denise Mancia. He has not missed a single session of his weekly counseling sessions for the almost the year that he has been attending, and he always shows up on time. He had marijuana in his system when first released, but has since tested clean in his continued random drug testing. He has made all court appearances.

In the beginning of April 2018, Mr. Dominguez got a job as a packer and driver for Munchery, Inc. in South San Francisco. He works approximately 36 hours a week and his pay stubs and a letter from his supervisor are attached to this memorandum. Mr. Dominguez's fiancé works five days a week at the Denny's in Serramonte and has had that job for approximately two years. The couple rely on their parents and family members for child care during the time they are both at work. Mr. Dominguez and his fiancé own one car, a 2001 Toyota Camry, and Mr. Dominguez is responsible for picking up his son from school or child care, and for picking up his fiancé from work. Ms. Mendoza does not currently drive a car and Mr. Dominguez is teaching her to drive so she can fend for herself while he is incarcerated.

Mr. Dominguez has one felony conviction that he suffered in 2009 in San Mateo County for a California Penal Code §245(a)(1) violation. He received a probationary sentence, although he had several probation violations. He has never been to prison. Other convictions are a misdemeanor driving under the influence in 2008 and a misdemeanor trespass in 2011. As a result of a drug possession arrest in San Mateo County in 2016, Mr. Dominguez attended and successfully completed drug court in that county.

Mr. Dominguez well knows the consequences of his criminal conduct and that he will have to serve time in prison. Since his arrest he has been a responsible, positive, and caring member of society, and fiancé and father. He has demonstrated that he is neither a danger to the community or a flight risk, and has benefitted from his weekly counseling sessions and the discipline associated with his supervision. Since the 3143 report by Pretrial Services in March of this year, Mr. Dominguez has achieved gainful employment and is trying to save for his family in preparation for the time that he will be sent off to prison. Warehousing Mr. Dominguez in

1 North County Jail or some other facility while he is awaiting sentencing is submitted to not be
2 necessary or reasonable.  He is going to show up to court and deal with the sentencing process in
3 a responsible way and be accountable for his criminal behavior.  It is submitted that all of these
4 facts and circumstances amount to exceptional reasons that Mr. Dominguez should not be
5 detained pending his sentencing.

### CONCLUSION

For the foregoing reasons, Defendant requests this Court to allow him to remain out of custody pending his sentencing.

Dated: July 18, 2018                                    Respectfully submitted,


_____/s/_____
ROBERT WAGGENER
Attorney for Defendant
JOEL DOMINGUEZ